IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICHOLAS JOHN VELTROP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00289-CV-W-JTM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER

In January of 2009, plaintiff Nicholas John Veltrop ("Veltrop") filed an application seeking disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. Subsequently, in May 2011, Veltrop also filed an application for supplement security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Both of the applications were initially denied at the state agency level and Veltrop sought further administrative review. To that end, on August 8, 2012, an administrative law judge ("the ALJ") conducted a hearing regarding both of Veltrop's disability claims. Thereafter, on September 8, 2012, the ALJ issued a written decision finding that Veltrop was not "disabled" under either Title II or Title XVI of the Social Security Act. Subsequently, the Appeals Council for the Social Security Administration denied Veltrop's request for further administrative review rendering the ALJ's decision the "final decision" of defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner").

Inasmuch as Veltrop has exhausted his administrative remedies, the final decision of the Commissioner is subject to limited judicial review by this Court. 42 U.S.C. § 405(g). Specifically, this Court reviews the Commissioner's decision only insofar as to determine

whether the decision is supported by substantial evidence on the record as a whole. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Thus, evidence that both supports and detracts from the Commissioner's decision will be considered by the Court, but the Commissioner's decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Finch*, 547 F.3d at 935. Instead, the Court will disturb the Commissioner's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the Court may have reached a different conclusion had the Court been the fact finder in the first instance. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). *See also McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, a reviewing court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome"). The Eighth Circuit has repeatedly held that courts should "defer heavily to the findings and conclusions" of the Social Security Administration. *See*, *e.g.*, *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). With those guidelines in mind, the Court affirms the Commissioner's decision.

In his written decision, the ALJ concluded that Veltrop had severe impairments of degenerative joint disease of the back and neck, status post cervical fracture, anxiety, and depression. However, the ALJ further found that Veltrop – notwithstanding his impairments – retained the functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), with the further restrictions that:

2

> (1) Veltrop could walk for two hours in an eight-hour day but was required to have the option to alternate between sitting and standing positions;
>
> (2) Veltrop could climb ramps and stairs for a total of two hours but could not climb ladders, ropes, or scaffolding;
>
> (3) Veltrop could only occasionally stoop, crouch, kneel, and crawl;
>
> (4) Veltrop could frequently reach, handle, and finger but had to avoid hazards such as dangerous machinery and unprotected heights; and
>
> (5) Veltrop was limited to simple, repetitive tasks in a routine work setting involving infrequent change and only superficial interaction with supervisors, co-workers, and the public.

Based on this residual functional capacity, the ALJ – based on the testimony of a vocational expert – found that Veltrop was capable of performing work existing in sufficient numbers in the national economy, including jobs such as small products assembler, table worker, and clerical mailer.

Veltrop argues that substantial evidence does not support the Commissioner's final decision. The Court disagrees. Veltrop was examined by two physicians (Dr. Carr, Dr. Riggs, and Dr. Dempsey) whose opinions were given considerable weight by the ALJ and who gave opinions generally consistent with the residual functional capacity formulated by the ALJ. Admittedly, Veltrop testified to far more serious limitations than those found by the doctors. However, the ALJ found the testimony of Veltrop less than fully credible. With regard to the ALJ's credibility analysis, the Court finds that it comports with requirements of Social Security regulations and Eighth Circuit precedent. The ALJ acknowledged the testimony of Veltrop but concluded that it was not fully credible based on the objective medical evidence, Veltrop's limited and sporadic medical treatment, and inconsistencies in the record between Veltrop's alleged impairments and his admitted daily activities and work activity.

3

The Court understands that Veltrop disagrees with the findings of the ALJ and asks this Court to "look at [his] injuries and know [that he] deserves" to be found disabled.  Under the law, however, the Court does not conduct the type of *de novo* review that Veltrop desires. Instead, this Court examines the record presented to the Social Security Administration to determine if substantial evidence in that record supports the Commissioner's decision.  In this case, after examining the entire record, the Court concludes that substantial evidence supports the residual functional capacity findings made by the ALJ.  Moreover, in the hypothetical question presented to the vocational expert, the Court finds that the ALJ limited the question to a person of Veltrop's age, education and work background and included those limitations found credible by the ALJ.  As noted, substantial evidence in the record supports those limitations and, as such, the hypothetical questions posed by the ALJ were proper.  As a consequence, the answer of the vocational expert constitutes substantial evidence that Veltrop is not disabled under either Title II or Title XVI of the Social Security Act.

Based on the foregoing, the decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

      */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**